IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESTER LEE BANKS d/b/a BANKS'S ROOFING AND CONSTRUCTION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 09-0062-CG-N ) |
| BELLSOUTH ADVERTISING AND PUBLISHING, and AT&T, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned pursuant to 28 U.S.C. §636 for entry of a Report and Recommendation on defendants' Motion to Dismiss (doc. 11). The undersigned ordered (doc. 22) supplementation on certain issues related to the jurisdictional challenge asserted in that motion. The defendants alternatively request that the action be transferred to the U.S.District Court for the Northern District of Georgia, pursuant to a forum selection clause in the contract at issue. Upon review of the motion and related briefs, and of the record as a whole, the undersigned RECOMMENDS that defendant's Motion be DENIED in part, as set forth *infra*. The court reserves ruling on the venue issues raised alternatively in the defendant's motion.

Defendant challenges this court's jurisdiction over this action; although it is uncontested that the parties are diverse, plaintiff's Amended Complaint (doc. 3) does not contain any statement concerning the amount in controversy, and only limited information concerning the categories of damages he seeks. In addition, defendant's motion seeks, as alternative relief, dismissal or transfer for improper venue, on the basis of a forum selection clause in the contract at issue.

In response to the court's order (doc. 22) requiring the parties to supplement their submissions on the jurisdictional issue, plaintiff stated that he was seeking lost income in an amount in excess of $75,000, as well as an unspecified amount for emotional distress plus punitive damages on the fraud claim. In general, a plaintiff's failure to allege all necessary jurisdictional facts in a complaint he has filed originally in district court may be dealt with by allowing an amendment of the complaint. See 28 U.S.C. 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) (interpreting 28 U.S.C. § 1653 to permit a trial or appellate court to allow a party to amend its pleadings "to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts"). See also McGhee v. Allstate Indem. Co., 928 F.Supp. 1102, 1103-04 (M.D.Ala. 1996) (defendant removed action on diversity grounds where complaint did not identify the amount claimed; court allowed plaintiff to amend to request amount below jurisdictional limit, and remanded case on that basis.). The court finds it appropriate to allow plaintiff another opportunity to amend his complaint[1] to allege that he is seeking damages in an amount greater than $75,000, particularly where lost income is reasonably alleged to be greater than that amount and that lost income can be readily inferred as an element of his damages claimed in his pleadings.[2]

---

[1] Despite the existence of authority which would arguably allow the court to simply view a pro se plaintiff's submission to the court on the issue of the amount in controversy as an amendment to the complaint, see e.g. McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979), the court finds a formal amendment to be appropriate.

[2] Defendant argues that plaintiff bears the burden of proof and thus must prove his damages claim at this stage of the proceedings in order to establish jurisdiction where his complaint does not include an ad damnum clause reflecting a claim in excess of the jurisdictional amount. In Fitzgerald v. Besam Automated Entrance Systems, 282 F.Supp.2d 1309, 1313 (S.D.Ala. 2003), a defendant challenged whether plaintiff's claim in his complaint for damages in excess of the jurisdictional amount was made in good faith. The court opined in pertinent part

Defendant BAPCO has made an argument that, regardless of the amount claimed by plaintiff, a limitation of liability clause in the contract plaintiff entered with BAPCO precludes him from obtaining an award of compensatory damages in excess of the amount plaintiff paid under the contract, no more than $6,000 in this case. This would render futile an amendment to add an ad damnum clause to the complaint. Several courts have determined that a valid limitation of liability clause can demonstrate "to a legal certainty" that a suit does not satisfy the amount-in-controversy requirement. See American Cyanamid Co. v. New Penn Motor Express, Inc., 979 F.2d 310 (3rd Cir. 1992). However, the Eleventh Circuit appears to apply a different rule. See Siren, Inc. v. Estes Express Lines, 249 F.3d 1268, 1274 n.6 (11th Cir. 2001).

> Although we cite American Cyanamid Co. v. New Penn Motor Express, Inc., approvingly, we must point out that we ultimately reach a different conclusion than the American Cyanamid court. 979 F.2d 310 (3rd Cir.1992). There the Third Circuit Court of Appeals affirmed the district court's decision to dismiss the case for lack of jurisdiction. The district court in American Cyanamid properly held that the limitation of liability clause in the bill of lading was enforceable, and therefore limited the shipper's damages to $2,084.00. Based on that limitation the district court "dismissed the case, as the $10,000 jurisdictional threshold in 18 U.S.C. § 1337(a) had not been met." Id. at 312. After a full and proper review of the limitation of liability issue, the Circuit Court affirmed the district court without discussing the jurisdictional issue. This was probably because the facts of American Cyanamid were such that it was clear that the plaintiff had not pled the jurisdictional amount in good faith.

---

as follows:
> In the rare instance where a defendant challenges diversity jurisdiction in a case originally filed in federal court, the burden is upon the plaintiff, as the party invoking jurisdiction, to prove "by a preponderance of the evidence that it does not appear to a legal certainty that [his] claim is really for less than the jurisdictional amount." Opelika Nursing Home, Inc. v. Richardson, 448 F.2d 658, 667 (5th Cir.1971). In other words, a plaintiff would satisfy his burden by proving, by a preponderance of the evidence, that he has the possibility of recovering more than the jurisdictional amount.

Fitzgerald, 282 F.Supp.2d at 1313 (Butler, J.)(emphasis added). That decision does not address the situation, discussed infra, where the jurisdictional "good faith" challenge is based on an affirmative defense.

> The case before us is not one that ought to be dismissed for lack of jurisdiction. "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, **unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith**. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. **Nor does the fact that the complaint discloses the existence of a valid defense to the claim**. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Although the Supreme Court was referring to the jurisdictional limit required for diversity jurisdiction, we see no reason to apply a different rationale to the $10,000.00 jurisdictional limit set forth in 18 U.S.C. § 1337(a). Siren's claim was brought in good faith, and the federal courts have jurisdiction to resolve this dispute.

Id. (emphasis added).

It appears that the existence of a limitation of liability clause in the contract which forms the basis of some of plaintiff's claims and which is involved as well in plaintiff's fraud claims is the sort of defense as was addressed in Siren. The existence of such a defense does not make it clear that plaintiff's claim is not in good faith, particularly as plaintiff's claims are not limited to breach of contract. Its existence does not make an amendment futile and the allowance of an amendment will render defendant's jurisdictional challenge moot.

For the foregoing reasons it is hereby RECOMMENDED that the court allow plaintiff to amend his complaint, within fourteen (14) days of the date of an order of the district court on this matter, to state the amount of damages he claims damages for compensatory damages, including lost income, as well as pain and suffering, and for punitive damages in connection with his fraud claims, and that such damages are in excess of the amount required for jurisdiction over his

claim pursuant to 28 U.S.C. §1332; and that the court DENY in part[3] defendant BAPCO's Motion to Dismiss as to its jurisdictional challenge.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this the 17th day of August, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The court will separately address the venue issues presented in defendant's Motion to Dismiss, following the filing of the Second Amended Complaint.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      Objection.  Any party who objects to this supplemental recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      Opposing party's response to the objection.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**