**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |
|---|---|
| **LESTER LEE BANKS d/b/a BANK'S ROOFING AND CONSTRUCTION,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | )   **CIVIL ACTION NO. 09-0062-CG-B** ) |
| **BELLSOUTH ADVERTISING AND PUBLISHING AND AT&T,** | ) ) ) |
| **Defendants.** | ) ) |

**ORDER**

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 29) and the objection of BellSouth Advertising and Publishing, Inc. ("BABCO") to the report and recommendation (Doc. 30). The magistrate judge recommended that defendants' motion to dismiss (Doc. 11) be denied as to defendants' jurisdictional challenge and that plaintiff be allowed to amend his complaint to state the amount of damages he claims. The magistrate judge reserved ruling on the venue issues raised in defendants' motion.

The magistrate found that plaintiff failed to allege the necessary jurisdictional facts but had indicated in responsive pleadings that he was seeking lost income in an amount in excess of $75,000, as well as an unspecified amount for emotional distress plus punitive damages. The magistrate found it appropriate to permit the plaintiff, who is proceeding pro se, to amend his complaint to allege the necessary jurisdictional facts. The recommendation discusses the standards that are applicable to such jurisdictional analyses. In particular, the recommendation

1

quotes case law that states the following:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal courts is that, **unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith**. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.  The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction, **Nor does the fact that the complaint discloses the existence of a valid defense to the claim.**

(Doc. 29, p. 4 (quoting Fitzgerald v. Besam Automated Entrance Systems, 282 F.Supp.2d 1309, 1313 (S.D. Ala. 2003) (emphasis added in R&R)).  In light of the above case law, the magistrate found that the existence of certain defenses asserted by defendants, such as a contractual limitation of liability, does not make it clear that plaintiff's claim is not in good faith, particularly since plaintiff's claims are not limited to breach of contract.  The magistrate judge therefore found that an amendment would not be futile.

Defendants object to the magistrate's recommendation, contending that plaintiff has not met his burden of proving by a preponderance of the evidence that his claims meet the jurisdictional minimum.  Defendants point out that the proper measure of damages is not lost income, but lost profits.  Defendants further argue that the "legal certainty" and good faith analysis discussed by the magistrate does not apply because the complaint seeks an indeterminate amount of damages.  In defendants' view, it is plaintiff's burden to establish, by a preponderance of the evidence, that the jurisdictional minimum is met and the evidence submitted by plaintiff does not meet that burden.

Although the court agrees that plaintiff has not met his burden of showing by a preponderance of the evidence that his claims meet the jurisdictional minimum, the court finds nevertheless that an amendment may not be futile.  If plaintiff amends his complaint to state a

definite amount, then plaintiff would no longer have the preponderance of the evidence burden. If plaintiff amends his complaint to claim a specified amount of damages in excess of $75,000, it becomes defendants' burden to show to a legal certainty that plaintiff does not have good faith claims that meet the jurisdictional minimum. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) (When a specified amount of damages is sought "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). The "legal certainty" standard "give[s] great weight to plaintiff's assessment of the value of plaintiff's case." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002).


## CONCLUSION

After due and proper consideration of all pleadings in this file, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636 is adopted as the opinion of this court.

It is **ORDERED** that the defendants' Motions to Dismiss (Doc. 11) is **DENIED, in part**, as to the jurisdictional issues raised therein. **Plaintiff is ORDERED to  file an amended complaint on or before September 16, 2009.  The amended complaint should affirmatively state the specific amounts plaintiff claims in damages.**  Should plaintiff fail to do so, or if the amounts alleged do not indicate that plaintiff's claims are in excess of $75,000, the court will reconsider the denial of the Motion to Dismiss.  The court will thereafter consider the venue issues presented in defendants' motion.

3

**DONE and ORDERED** this 2nd day of September, 2009.


                              /s/  Callie V. S. Granade
                              CHIEF UNITED STATES DISTRICT JUDGE